**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

SHANNEN W. COMBS,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 08-CV-669-FHM

**OPINION AND ORDER**

Plaintiff, Shannen W. Combs, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's October 24, 2005, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held November 20, 2007. By decision dated February 6, 2008, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on September 18, 2008. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 32 years old at date of alleged onset of disability. She has two years of college education and formerly worked as dental assistant and telephone solicitor.  She claims to have been unable to work since June 15, 2003, as the result of a heart condition and chest pain.  The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform the full range of medium work. [Dkt. 8, p. 11].  Comparing Plaintiff's RFC with the physical and mental demands of her past work, the ALJ found that Plaintiff retains the capacity to perform her past work as a dental assistant and telephone solicitor as those jobs were actually performed and as they are generally performed.  *Id*. at 18.  The case was thus decided at step four of the five-step evaluative sequence for determining whether Plaintiff is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff argues that the ALJ's determination is not supported by substantial evidence because the ALJ failed to perform a proper credibility analysis. Specifically, Plaintiff asserts that the ALJ improperly relied on daily activities, which she testified are performed on a sporadic basis. Plaintiff also asserts that her statements to physicians are consistent with her hearing testimony.

The Commissioner is entitled to examine the medical record and to evaluate a claimant's credibility in determining whether the claimant suffers from disabling pain. *Brown v. Bowen*, 801 F.2d 361, 363 (10th Cir. 1986). Credibility determinations made by an ALJ are generally treated as binding upon review. *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990). Further, the possibility of drawing two inconsistent conclusions from evidence in a case does not prevent an administrative agency's findings from being supported by substantial evidence. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)). In any event, the court may not "displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Id.*

The ALJ determined that Plaintiff's described daily activities are not limited to the extent expected given the complaints of disabling symptoms and limitations. Plaintiff reported she is able to live in her own residence and care for her personal needs. She cares for her children, which the record reflects were aged 13, 4, and 6 months on the date of the hearing. [Dkt. 8, p. 26]. The ALJ noted Plaintiff's testimony that she prepares meals, performs household duties, visits with family and friends, drives, does laundry, reads, watches television, and goes to her children's sporting events. [Dkt. 8, p. 17]. The ALJ stated that in view of her tachycardia, she would have some difficulties, but noted that Plaintiff's treating physicians had not placed any restrictions on her activities.[2] He further

---

[2] The ALJ did not discuss this in his opinion, but the court notes that on April 7, 2007, Plaintiff presented herself to her treating physician for an examination in order to obtain a letter for an adoption process, which the physician stated he did provide. [Dkt. 8-4, pp. 58-59]. This is additional support for the conclusion that Plaintiff and her treating physician were of the view that Plaintiff is capable of activity consistent with the ALJ's findings.

3

noted that Dr. Coman stated that the tachycardia was not dangerous, but was only a nuisance. [Dkt. 8-2, p. 29]. The ALJ appropriately took Plaintiff's daily activities into account. 20 C.F.R. § 404.1529 (c)(3)(i) (claimant's daily activities will be taken into account). The ALJ's conclusion that Plaintiff's activities are not consistent with disability is supported by substantial evidence in the record.

Furthermore, in making the credibility determination, the ALJ relied on a number of other factors which are supported in the record and which Plaintiff has not challenged. The ALJ noted that Plaintiff stopped working in 2003 due more to mental problems than physical ones. [Dkt. 8, p. 16]. The ALJ also noted that Plaintiff was not willing to try medical therapy and follow her physician's recommendations for her problems, which the ALJ found suggests that Plaintiff's symptoms are not as serious as alleged in her application. *Id.* at 17. In addition, the ALJ noted that the physicians employed by the State Disability Determination Services who reviewed the medical record concluded that a finding of not disabled was supported by the medical record. *Id.*

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 2nd day of October, 2009.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE